# 95 DTA 24

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

JOSEPH W. MELENDEZ REYES
y su esposa, NELLY DAVIDSON SERRATO
Demandantes-Apelantes

v.

LA CRUZ AZUL DE PUERTO RICO
Demandada-Apelada

Núm. KLAN-95-00017

San Juan, Puerto Rico, a 13 de marzo de 1995

Panel integrado por su presidenta, Juez López Vilanova,
la Juez Fiol Matta y el Juez Ortiz Carrión

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Joseph W. Meléndez Reyes y su esposa Nelly Davidson Serrato apelaron una Sentencia del Tribunal de Distrito Sala de Carolina ante el Tribunal Superior, Sala de Carolina. La apelación quedó sometida para consideración del Tribunal Superior el 9 de noviembre de 1994 con la presentación del alegato de la parte apelada. Para el 24 de enero de 1995 la apelación estaba aún pendiente ante la consideración del Tribunal Superior, por lo que fue referida para su trámite y resolución final al Tribunal de Circuito de Apelaciones en virtud de lo dispuesto por el Artículo 9.004 de la Ley de la Judicatura de 1994.

En la sentencia de la cual se apela se desestimó una demanda en la que los apelantes le reclaman la suma de $6,239.40, costas, intereses y honorarios de abogados a la Cruz Azul de Puerto Rico, como reembolso por gastos médicos, a los cuales ellos alegan tener derecho contractual en virtud del contrato de seguro suscrito entre las partes.

Los apelantes plantean que el Tribunal de Distrito erró al concluir que ellos tenían que agotar los remedios contractuales dispuestos por el Artículo V y la Sección l(f) del Reglamento de la Cruz Azul antes de incoar una demanda reclamando reembolso, en virtud del contrato suscrito entre las partes.

### I

En su demanda presentada el 29 de julio de 1993 los apelantes alegan que la Cruz Azul de Puerto Rico es tenedora de una póliza de seguro médico expedida por la Cruz Azul de Puerto Rico mediante un Contrato de Pago Directo con el suscriptor. La Sra. Davidson necesitaba someterse a una operación quirúrgica y luego de ser autorizada por la Cruz Azul de Puerto Rico se trasladó a los Estados Unidos, donde efectivamente se operó. Según las alegaciones de la demanda, los apelantes pagaron $8,138 por gastos médicos relacionados con esa operación, de los cuales sólo han recibido $1,898.60, en concepto de reembolso de parte de la Cruz Azul; la cual ellos alegan que les invoca unas tarifas que antes no había informado.

Basándose en estas alegaciones, reclaman los $6,239.40 en concepto de gastos médicos no reembolsados.

Por su parte, la Cruz Azul presentó una Moción de Desestimación y/o Sentencia Sumaria, en la cual solicita la desestimación de la demanda por no haberse agotado los remedios dispuestos en el Reglamento de la Cruz Azul y acordados en el Contrato de Seguro Médico suscrito entre las partes.

Los demandantes, aquí apelantes, se opusieron a esta moción. Alegan que la doctrina de agotamiento de remedios contractuales no es de aplicación a este caso. Alegan que su

reclamación es una de incumplimiento de contrato y son los tribunales los organismos apropiados para dirimir ese tipo de controversia. Por último, alegan que es inútil continuar los procedimientos contractuales ante la Cruz Azul de Puerto Rico porque la consultora legal de dicha entidad emitió un juicio contrario a la reclamación.

En atención a dicha moción fue que el Tribunal de Distrito dictó la Sentencia de la cual se apela; desestimando la demanda por no haberse agotado los remedios contractuales, según dispuesto en el Reglamento de la Cruz Azul de Puerto Rico, para el tipo de reclamación que se hace en la demanda.

## II

El Contrato de Pago Directo suscrito entre la Cruz Azul de Puerto Rico y los apelantes textualmente dispone en su Artículo VIII que si el suscriptor tiene una querella contra la Cruz Azul o le reclama algún derecho, deberá seguir el siguiente procedimiento:

*"a) deberá presentar su queja ante la oficina del Director Ejecutivo*

*b) de no estar conforme con la resolución deberá solicitar revisión a la Junta de Directores*

*c) de la resolución de la Junta, deberá recurrirse entonces a la oficina del Comisionado de Seguros*

*d) quedando finalmente la alternativa de revisión ante la sala del Tribunal de Primera Instancia con competencia en el caso."*

Al suscribirse al Plan de Pago Directo de la Cruz Azul de Puerto Rico, los apelantes aceptaron todos los términos contractuales de ese seguro médico, incluyendo el procedimiento para dirimir querellas y reclamaciones de los suscriptores que se establece en el Artículo VIII del referido Contrato de Seguro Médico y en cumplimiento con lo dispuesto por el Artículo V Sección 1(f) del Reglamento de la Cruz Azul, según aprobado por el Comisionado de Seguros.

El Código Civil de Puerto Rico en su Artículo 1044, 3 L.P.R.A. sec. 2914, establece claramente que las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse al tenor de los mismos. El contrato de seguros no es un contrato ajeno a las normas básicas del derecho de obligaciones. *Cervecería Corona Inc. v. Commonwealth Insurance Company,* 115 D.P.R. 307 (1984). Un tribunal no puede relevar a una parte de cumplir con lo que se obligó a hacer mediante contrato, cuando el contrato es legal y válido y no contiene vicio alguno. *Olazabal v. U.S. Fidelity,* 103 D.P.R. 448 (1975); véase además *Rivera v. Samaratino & Co., Inc.,* 108 D.P.R. 604 (1979).

Por otra parte, los demandantes no presentaron prueba de un agravio de patente intensidad, ni la existencia de daños irreparables que justifiquen obviar el agotamiento de los remedios contractuales. Tampoco los apelantes tienen razón al argumentar que la opinión de la consultora jurídica de la Cruz Azul de Puerto Rico desestimando los méritos de la reclamación convierten el procedimiento contractual en inadecuado o inútil. El procedimiento contractual provee para la revisión a la Junta de Directores de la Cruz Azul de Puerto Rico y al Comisionado de Seguros cuyo criterio es independiente al de la consultora jurídica de la Cruz Azul de Puerto Rico.·

Considerando los fundamentos anteriormentue expuestos se confirma la sentencia apelada.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General